**HOWE v. PATE.**

No. 4669.

United States Court of Appeals
First Circuit.

Nov. 18, 1952.

William H. Niehoff, Waterville, Me. (Arthur F. Tiffin, Augusta, Me., on the brief), for appellant.

Hyman Jacobson, Portland, Me., (Arthur E. Nissen, Damariscotta, Me., on the brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

The plaintiff, as the administrator of his deceased twenty-one year old son's estate, brought the instant action in the court below to recover damages under a statute of New Mexico giving a personal representative a right of action for the death of his decedent when "caused by the wrongful act, neglect or default of another". Laws of New Mexico, 1941 Compilation, § 24–101 et seq. The plaintiff is a citizen of New Mexico, and so also was the decedent. The defendant is a citizen of Maine residing in the village of Coopers Mills in the town of Whitefield where he carries on a retail business, largely by mail order, in sporting goods of one sort or another including reloaded ammunition for obsolete and foreign firearms. There is no doubt whatever that the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs. Federal jurisdiction under Title 28 U.S.C. § 1332(a)(1) is therefore clear.

The plaintiff alleges in his complaint, and the defendant now concedes, that the decedent purchased a quantity of reloaded ammunition for a 31 calibre 7.7 m/m Japanese army rifle from the defendant, and that in firing a round of that ammunition near his home in New Mexico in a friend's rifle of the type described, fatal injuries were inflicted upon the decedent by particles of the cartridge case which were blown back through the ejector channel in the bolt of the rifle with such force as to penetrate the decedent's skull and imbed themselves in his brain. The gist of the plaintiff's claim is that the fatal accident was caused by a defect in the cartridge case, and that the defendant, as a dealer in reloaded ammunition, if not as the manufacturer, or ostensible manufacturer, of the particular cartridge involved, should have discovered that the ammunition was defective had he used due care, and, making that discovery, ought not to have sold it to the decedent, or, indeed, to anyone else. The defendant denies that he ever was a manufacturer of reloaded ammunition, or that he ever gave the decedent cause to believe that he was. He admits, however, that he is a dealer in that commodity. But he says that the ammunition he sold the decedent was not defective, or that if it was, its defects were not such as a dealer could discover by reasonable inspection. In addition, he says that the cause of the fatal accident was not a defect in the cartridge anyway, but was a defect in the rifle in which the cartridge involved was fired, i. e., that the rifle had dangerously excessive head space, or distance between the face of the bolt when in firing position and the base of the cartridge in the chamber. Moreover, he says that the decedent was guilty of contributory negligence in firing his friend's rifle without having on it a sliding steel bolt cover, so called, which, the defendant asserts, is a component part of the Japanese army rifle and is designed to prevent, and would have prevented, accidents such as the one which occurred. The plaintiff concedes that his decedent fired the rifle without a bolt cover on it. But he says that the cover is not intended for use on the rifle when it is being fired, (although the rifle can be fired with the cover in place) but is designed only to keep dust, dirt, snow or ice out of the mechanism of the rifle; and furthermore, that had a cover been used, it would not have prevented the accident, but instead would have been blown off, in all probability striking the decedent in the face and causing a fatal injury itself.

The District Court submitted the above disputed issues of fact to a jury, and gave a full and clear charge thereon which was not objected to by either party. The jury returned a verdict for the plaintiff which

the defendant does not now assert to be excessive.

After the verdict counsel for the defendant filed a combination motion entitled: "Motion to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with motion of defendant for a directed verdict and also motion for a new trial." The District Court heard counsel orally on this motion at considerable length, and in due course thereafter filed a memorandum opinion outlining the case and analysing the evidence in detail. In accordance with that opinion an order was entered denying the motion, and the defendant thereupon took this appeal.

The only issue on this appeal is whether there is adequate evidence to support the plaintiff's contentions with respect to the cause of the accident and the defendant's liability therefor. The jury evidently found the plaintiff's evidence persuasive, and the court below, after carefully considering that evidence and the arguments of counsel, thought it was legally adequate to support the verdict. We have canvassed it again and agree with the District Court.

In view of the full and detailed opinion of that Court, we see no point in stating our conclusions in detail. We think it is enough to say by way of elaboration that the cases of the reloaded cartridges sold by the defendant to the decedent were not Japanese army cases, but were old United States Army 30-'06 cases re-sized for the Japanese arm; that the cases were clearly marked for what they originally were; that experts called by the plaintiff testified that there was a body of informed opinion that such cases were unsuitable and unsafe for use in the Japanese army rifle; and that the rifle involved was not dangerously defective. Moreover, there was evidence that the reloaded ammunition sold to the decedent was obviously of poor workmanship, and furthermore, that the case of the particular cartridge involved was abnormally thin due to its having been stretched in re-sizing.

There was also testimony from the same experts that it was not generally known, in this country at least, that bolt covers were a component part of the Japanese army rifle, or were intended to be used when the rifle was fired, and, furthermore, that they were not meant to be, and were not, effective as a safety device, but were only intended to protect the bolt mechanism from dust, dirt, ice, etc.

Thus, although the above evidence was contradicted by the defendant's expert witnesses, there was sufficient evidence to require submission of the plaintiff's theory of liability to a jury.

The order of the District Court is affirmed.